IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,458-01






EX PARTE DOMINGO CALDERON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-11-0244-CRA IN THE 218
TH DISTRICT COURT


FROM ATASCOSA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by exposure
and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends, among other things, that he is actually innocent and that the State failed to
disclose before trial that the complainant had recanted. On January 31, 2007, we remanded this application
and instructed the trial court to enter findings of fact and conclusions of law. After holding an evidentiary
hearing, the trial court concluded that the State had disclosed the complainant's recantation before trial. But
the trial court concluded that Applicant was actually innocent and recommended that we grant relief. We
believe that the record is not sufficient to resolve whether Applicant is actually innocent. Accordingly, the
trial court shall make further findings of fact and conclusions of law as to whether there are facts in the
complainant's July 8, 2006, recantation that were not previously available to or discoverable by Applicant
before trial. See Ex parte Brown, 205 S.W.3d 538 (Tex. Crim. App. 2006). Specifically, the trial court
shall determine what, if any, material facts are set out in the complainant's July 8, 2006, recantation that
were not included in her original recantation. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If not and the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 The trial court shall then make further findings of fact and conclusions of law as to whether
Applicant has established that he is actually innocent. The trial court shall make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: June 27, 2007

Do not publish